JUDGE CARTER   ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 1 9 2019

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X
                                     :
UNITED STATES OF AMERICA             :
                                     :   SEALED INDICTMENT
        - v. -                       :
                                     :   19 Cr. _____ (   )
JOHNNY NUNEZ GARCIA,                 :
    a/k/a "Superior,"                :
                                     :
                  Defendant.         :   19 CRIM 766
                                     :
- - - - - - - - - - - - - - - - - - X
```

**COUNT ONE**
(Murder in Aid of Racketeering)

The Grand Jury charges:

THE "DOMINICANS DON'T PLAY" ENTERPRISE

1.  At all times relevant to this Indictment, JOHNNY NUNEZ GARCIA, a/k/a "Superior," the defendant, and others known and unknown, were members and associates of the Dominicans Don't Play Gang (the "DDPs" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other things, narcotics trafficking, acts involving robbery, and acts involving murder. The Enterprise operated principally in New York, New York, and the Bronx, New York.

2.  The DDPs, including its leadership, membership, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, although not a legal entity, that engaged in, and the activities of which affected, interstate and

foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise has engaged in, and its activities affected, interstate and foreign commerce. The defendant participated in the operation of the Enterprise, and participated in unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.

3. The DDPs, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), acts involving murder, in violation of New York Penal Law; offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846; acts indictable under Title 18, United States Code, Section 1951 (relating to Hobbs Act robbery); and acts involving robbery, in violation of New York State Penal Law.

<u>PURPOSES OF THE ENTERPRISE</u>

4. The purposes of the Enterprise included the following:

a. Enriching the members and associates of the Enterprise through, among other things, the distribution of narcotics, including cocaine base, cocaine, heroin, and marijuana, as well as acts involving robbery.

b. Preserving and protecting the power of the Enterprise and its members and associates through murder, attempted murder, other acts of violence, and threats of violence.

c. Promoting and enhancing the Enterprise and the activities of its members and associates.

## MEANS AND METHODS OF THE ENTERPRISE

5. Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a. Members and associates of the Enterprise committed, conspired to commit, and attempted to commit acts of violence, including acts involving murder, to protect and expand the Enterprise's criminal operations, and in connection with rivalries with members of other street gangs.

b. Members and associates of the Enterprise used physical violence and threats of violence, including acts involving murder, against others, including in particular rival gang members.

c. Members and associates of the Enterprise participated in acts involving robbery.

d. Members and associates of the Enterprise sold narcotics, including cocaine base, cocaine, heroin, and marijuana.

## STATUTORY ALLEGATIONS

6. On or about June 5, 2009, in the Southern District of New York and elsewhere, JOHNNY NUNEZ GARCIA, a/k/a "Superior," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the DDPs, and for the purpose

of gaining entrance to and maintaining and increasing position in the DDPs, an enterprise engaged in racketeering activity, as described above, knowingly murdered and aided and abetted the murder of Jonathan Ruiz, that is, with the intent to cause the death of another individual, NUNEZ GARCIA did cause the death of Ruiz, and did aid and abet another in causing the death of Ruiz, and under circumstances evincing a depraved indifference to human life, did recklessly engage in conduct which created a grave risk of death to another person, thereby causing the death of Ruiz, and did aid and abet the same, in the vicinity of East 165th Street and Tiffany Street, Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

_____
FOREPERSON
10/25/19

_____
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JOHNNY NUNEZ GARCIA, a/k/a "Superior,"

Defendant.

SEALED INDICTMENT

19 Cr. _____ (     )

(Title 18, United States Code,
Sections 1959(a)(1) and 2.)

GEOFFREY S. BERMAN
United States Attorney.

A TRUE BILL

Foreperson.

10/25/19

10/25/19
Filed Sealed Indictment.
U.S.M.J. Debra Freeman